PILSBURY, *plaintiff in error, vs.* FERNALD.

In *assumpsit* on account annexed to the writ, the defendant may prove *payment,* in money or goods, or services, of all or any part of the plaintiff's account, though he may not have filed any account in *set-off.*

Where a plaintiff produced in evidence his books of account in maintenance of his action, which was assumpsit on account annexed, it was held that the defendant was entitled to the benefit of any credits found therein to him, though not embraced in his account filed in off-set.

ERROR, brought to reverse the judgment of the C. C. Pleas in an action originally commenced before a justice of the peace, and in which the present plaintiff was defendant.

The action was *assumpsit* on account annexed to the writ ; to support which the plaintiff introduced his books of account and verified them by his oath. The defendant had filed an account in set-off. On the plaintiff's books were found, beside the *charges,* several items of *credit,* which were not contained in the account filed in set-off. The defendant disputed the charges, and claimed to have the benefit of the credits, and requested the Court to instruct the jury that the same should be allowed.

*Ruggles,* Justice, instructed the jury, that as those items were not embraced in the plaintiff's account sued in this action, nor in the defendant's account filed in set-off, they could not be allowed in this action without proof that they were received or appropriated as payment of some part or all of the plaintiff's account in suit, or so intended by the parties. But if the articles thus credited were intended, or received in payment, they might and ought to be allowed as such.

In accordance with these instructions the jury returned a verdict for the sum of *thirty-nine cents* in favour of the plaintiff, disallowing the said items of book credit.

*D. Goodenow,* for the plaintiff in error, cited *Fox v. Cutts,* 6 *Greenl.* 240 ; *Prince v. Swett,* 2 *Mass.* 569 ; *Hilton v. Burley,* 2 *N. H.* 193 ; *U. States v. Kirkpatrick,* 9 *Wheat.* 720.

*J. T. Paine,* for the defendant in error, contended that, as the original defendant had not filed these items of credit in *set-off,* he

could not now avail himself of them without allowing the *charges*. If he could, it would work manifest injustice. He had disputed the plaintiff's charges and as appears by the verdict a part of them were not allowed. May it not well be argued, that these very items of credit were in payment of the *charges not allowed by the jury?* If therefore the defendant be allowed the benefit of these credits, it will be a violation of the rule that the *confessions* of a party must be taken *together*.

The credit in this case could have no greater force or effect than a general receipt which could not be used without being filed.

If the credits should be allowed, nothing would appear *on the record* showing that fact ; and in a suit by the defendant, the plaintiff may be compelled to pay the amount of them again. It would not be competent for him to alter or contradict the record by parol evidence. *Phil. Ev.* 237.

MELLEN C. J. delivered the opinion of the Court.

In an action on an account annexed, the defendant may prove *payment*, in money, or goods, or services, although he has filed no account in off-set, specifying the money, goods or services which were delivered and received as *payment* of *all* or *any part* of the account sued by the plaintiff. Indeed, the Judge in his instructions to the jury distinctly stated the law to be so ; but he stated it in such a manner and in language so unqualified as to lead the jury to a wrong conclusion, and deprive the original defendant of his legal rights. A few words will clearly present the distinction to which we allude. The articles, to the amount of eighty-seven cents, were credited on the plaintiff's book, the benefit of this credit the defendant claimed, and he requested the Judge " to instruct the jury that he was entitled to the ben-" efit of said items and to have the same allowed." This he did not do. But he instructed them, that " they could not be allow-" ed against the plaintiff in this action, without proof that they " were received or appropriated as payment of some part, or all " of the plaintiff's account." Now it is manifest that in this instruction, the Judge meant by the words " without proof," to be understood to say, " without proof, *other than the plaintiff's*

book." The verdict is proof that they so understood him, and accordingly disallowed the credit, which threw the balance against the defendant. We are satisfied that the above instruction was incorrect. The plaintiff's book was, *of itself,* and without the aid of any *other* evidence *aliunde,* proof that the articles credited, had been received *in payment, pro tanto ;* for it does not appear that the plaintiff had any demand against the defendant, except his book account. The credit given, there-. fore, is by the plaintiff's own act, an appropriation of its amount, *as payment* of so much of his account on the opposite page. At least it is *prima facie* evidence to the extent we have mentioned, and sufficient, alone, where uncontradicted and unexplained. Such was the import of the instruction that was *requested,* and such should have been the instruction *given.* For these reasons the judgment must be reversed, and a new trial had in this Court.